836 F.2d 550
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Elmo MAYES, Petitioner,
v.
Richard E. LYNG, Secretary of United States Department of
Agriculture, Respondent.
 No. 87-3066.
 United States Court of Appeals, Sixth Circuit.
 Dec. 18, 1987.
 
 Before BOYCE F. MARTIN, Jr., MILBURN, and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Elmo Mayes seeks review of a final order by the Secretary of Agriculture imposing a civil penalty under the Packers and Stockyards Act, 7 U.S.C. Sec. 213(b).
 
 
 2
 On September 4, 1985, the Administrator of the Packers and Stockyards Administration filed a complaint against Mayes. The Administrator alleged that Mayes had, in connection with his operations as a dealer, purchased livestock and failed to pay, when due, the full purchase price of the livestock in violation of 7 U.S.C. Secs. 213(a) and 228b. On September 9, 1985, the complaint was sent to Mayes by certified mail, but Mayes refused receipt. On October 30, 1985, personal service was made on Mayes. Mayes did not file an answer. On December 12, 1985, the Hearing Clerk sent a proposed decision and accompanying motion for adoption to Mayes by certified mail. Receipt was again refused, and, on March 27, 1986, the decision and motion were sent to Mayes by regular mail. Mayes again did not respond. On May 7, 1986, the Administrative Law Judge issued a Decision and Order Upon Admission of Facts by Reason of Default that assessed a civil penalty of $8,000 and ordered Mayes to cease and desist from failing to pay the full purchase price. Mayes appealed this decision to the Secretary, and his case was referred to a employee of the agency for review. On November 24, 1986, the Secretary adopted the initial decision and order. After his request for reconsideration was denied, Mayes filed a petition for review with this court.
 
 
 3
 Mayes argues that he was not properly served with the proposed decision and motion for adoption. Specifically, he asserts that nothing in the record establishes that the Hearing Clerk served him with a copy of the proposed decision and motion for adoption as required by 7 C.F.R. Sec. 1.139. Despite Mayes' assertion, the record clearly indicates that, on March 27, 1986, copies of the proposed decision and motion for adoption were served on Mayes by regular mail as authorized by 7 C.F.R. Sec. 1.147(b)(3).
 
 
 4
 Mayes also argues that a judgment by default was not justified by the pleadings. Section 228b(a) provides that payment is due "before the close of the next business day following the purchase of livestock and transfer of possession thereof." Mayes argues that the complaint did not state the dates on which possession of the livestock was transferred and, therefore, did not establish that he violated of the Act. While the record clearly establishes that Mayes acted reprehensibly in refusing service, the record does not establish that Mayes failed to pay the full purchase price within one business day after purchase and transfer of possession of the livestock. Without evidence of this alleged failure, the $8,000 penalty cannot stand.
 
 
 5
 Accordingly, the petition to review is granted and enforcement is denied. During oral argument, Mayes' counsel agreed that Mayes would register as a dealer under the Act and would henceforth accept all mail, certified or otherwise, from the Department of Agriculture. Rather than remand, the present proceedings are abated for one year, during which time Mayes has agreed to abide by the Act in his activities as a dealer. Should Mayes fail to abide by the Act during this time, the original charges may be reinstated and a full disclosure of the circumstances surrounding Mayes' livestock purchases will be made on the record before judgment is entered.